**UNITED STATES of America,
Plaintiff,**

v.

**Irwin FRUCHTMAN et al., Defendants.**

**No. CR 67–79.**

United States District Court
N. D. Ohio, W. D.
March 27, 1968.

John G. Mattimoe, Asst. U. S. Atty., Toledo, Ohio; Edward Joyce, Dept. of Justice, Washington, D. C., for plaintiff.

Marshall, Melhorn, Belt & Bloch, Toledo, Ohio, for defendant.

## MEMORANDUM RE DEFENDANT DEVENOW'S MOTION FOR SUPPRESSION OF EVIDENCE

DON J. YOUNG, District Judge:

Defendant in this criminal case has moved for an order suppressing for use as evidence his testimony given before the Grand Jury which indicted him, for the reason that such testimony was secured unlawfully and in violation of his rights under the United States Constitution. The facts concerning this testimony are as follows: On August 23, 1967, defendant Leonard Devenow appeared as a witness before the Grand Jury pursuant to subpoena. The Grand Jury was investigating for various violations of Title 18 of the United States Code and the Federal Communications Act. An affidavit filed by defendant states that he did not know the scope of the investigation when he was called as a witness, nor had he consulted counsel. It appears from the record that certain attorneys now representing other defendants were in the Court House on August 23rd and that this defendant had talked with at least one of them. However, it does not appear that they discussed defendant's rights with him nor that they had any particular reason to be concerned about defendant's rights.

An affidavit filed by the Government attorney conducting the investigation says that he was left with the impression that defendant was represented by one of the attorneys in the building on that day, and that although he had read certain investigative reports which indicated that this defendant had destroyed certain records of the Donovan Wire and Iron Company, he did not consider Devenow to be a potential defendant in a criminal case until after he had been interrogated. The Grand Jury subsequently indicted defendant for conspiring to obstruct a Federal Trade Commission proceeding by destroying certain invoices of the Donovan Wire and Iron Company.

Defendant urges that the testimony in question was obtained in violation of his rights under the Fifth and Sixth Amendments to the United States Constitution. He was not advised as to the nature of the investigation at the outset of his testimony, nor was he advised either of his privilege not to incriminate himself or of his right to consult with counsel. The questioning proceeded immediately to the question of whether he destroyed the invoices, which he freely admitted. There followed about thirty pages of questioning concerning the circumstances of this destruction. Then the Government attorney asked defendant if he was aware that if he had maliciously destroyed the records in question he was guilty of a felony, to which defendant replied in the negative. Pursuant to further questioning defendant testified that he had not discussed his testimony with an attorney, and that he would like to have time to consult counsel before continuing. Defendant was then excused from the Grand Jury room.

When defendant returned on August 25, 1967, he stated that he had consulted an attorney, who had explained to him his rights, and then he proceeded to testify, in effect re-affirming most of his prior testimony.

The above facts have previously been submitted to this Court in connection with defendant's motion to dismiss the indictment. The motion was overruled because "no ground exists which requires a dismissal of the indictment."

The Government has now apprised the Court that it will seek a superseding indictment for reasons not here relevant, and defendant fears that his previous Grand Jury testimony will be used at this proceeding. Thus, the defendant's motion is ripe for decision, the question being the same as if the Government were seeking to use said testimony at the trial.

■■■ The general rule in this Circuit is that a witness in a Grand Jury proceeding who is not in the custody of the Government, and against whom the Government is not seeking an indictment, need not be advised of his Fifth and Sixth Amendment rights before testifying, but he does retain the right to refuse to answer incriminating questions as they are asked. United States v. Luxenberg, 374 F.2d 241 (6th Cir. 1967); Stanley v. United States, 245 F.2d 427 (6th Cir. 1957). However, in both the above cited cases the court went on to say that a person who is "virtually in the position of a defendant" must be advised of his right to refuse to answer on the ground of self-incrimination.

While it is true that the statements of the court were dictum in that in both cases the court refused to grant defendant's motion to dismiss the indictment, this language must mean something. This Court thinks the logical construction is that although the Government may not be seeking an indictment against a witness at the time he takes the stand, there may come a point in the proceeding when the situation changes to such an extent that the witness becomes "virtually in the position of a defendant."

■■■ The Government attorney who conducted the investigation has filed an affidavit saying that he "did not consider

Leonard Devenow to be a potential defendant in a criminal case until he had been interrogated before the Grand Jury." This Court does not question the veracity of that statement but that does not end the matter. In the very same affidavit he also said that he "had read investigative reports which indicated that Mr. Devenow had destroyed certain records of the Donovan Wire and Iron Company pursuant to authorization duly received." This was knowledge of one element of the offense for which Devenow was later indicted. The Government began questioning defendant immediately upon his appearance about the destruction of the invoices and obtained a prompt admission of that fact. The subsequent examination appears to have been directed primarily at discovery of the circumstances under which the records were destroyed. Not until much later in the proceeding was Devenow advised of his rights and permitted to see an attorney. Although the Government contends that it did not at the outset intend to obtain an indictment against defendant as a result of his testimony, it does not appear that the examination would have been conducted any differently if it had. This is the only logical meaning of the phrase "virtually in the position of a defendant." The word "virtually" connotes an objective test. Thus, the logical result is reached that a man's rights do not depend on the subjective intent of the prosecutor nor upon the prosecutor's knowledge as to what acts, if committed, might constitute an offense under the law. This Court is of the opinion that the question should be examined in terms of what the record and the transcript show and not on the more subjective facts contained in the Government's affidavit.[1]

---

1. In United States v. Luxenberg, supra, the parties stipulated that no "criminal proceedings were pending or threatened against either of them; * * * nor * * * [was] the United States then seeking an indictment against either of them," and the court appeared to rely on this stipulation. It is unlikely, however, the court had before it a transcript which showed such an extensive questioning about the matter which was part of the basis of the later indictment. Furthermore, it should be noted that the question in *Luxenberg* was whether the indictment should be dismissed rather than whether the evidence should be suppressed.

The next question is whether defendant knew or had been previously advised of his rights by his own attorney regardless of the Government's failure to advise him. Counsel for the Government states in his affidavit that he was left with the impression that Mr. Devenow was represented by Mr. Berger, one of the attorneys in the building on that day. However, this impression of Government counsel is challenged by defendant's affidavit saying that prior to his appearance he had not consulted counsel. The record indicates Mr. Berger may have discussed with Mr. Devenow his proposed testimony but there is nothing anywhere in the record showing that defendant was ever advised or knew of his rights under the Fifth and Sixth Amendments prior to August 23rd, or that Mr. Berger or any of the attorneys in the building on that day had any particular reason to be concerned about his rights.

The final question is the significance of Mr. Devenow's testimony on August 25th, in which he said that he had talked with counsel of his own choice who advised him of his constitutional rights and then proceeded, pursuant to questioning, to re-affirm most of his previous testimony given on the 23rd. The Government argues that this amounted to a waiver of any objection defendant might have had under the Fifth and Sixth Amendments. This Court disagrees. At this point in the proceedings defendant had no practical choice but to continue testifying and hope that the jury would believe that he had no bad purpose in destroying the records. He was not told that if he refused to answer the questions, the jury would be instructed to disregard his former testimony. Thus, this refusal would have prejudiced him in the eyes of the Grand Jurors much more than if he had known of his rights and refused in the first instance. The Government had no right to present the defendant with such a dilemma.

Defendant's motion will therefore be sustained. An order has been entered according to the findings presented in this memorandum.